UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KALI KANONGATAA,

                    Plaintiff,

    - against -

CBS BROADCASTING INC., CBS RADIO INC., CBS INTERACTIVE INC., and MICROSOFT CORPORATION

                    Defendants.

Docket No. _____

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Kali Kanongataa ("Kali" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants CBS Broadcasting Inc., ("CBS") CBS Radio Inc., ("CBS Radio") and CBS Interactive Inc., ("CBS Interactive") and Microsoft Corporation ("Microsoft" and together with CBS, CBS Radio, and CBS Interactive "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendants unauthorized reproduction and public display of Facebook's First Live Birth, owned and registered by Kali. Accordingly, Kali seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants reside in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Kali is the owner of the Polynesian Cultural Exchange which is a non-profit organization that helps those of Pacific Islander decent utilize their talents with leaders in creating avenues to educate, promote and advance cultural competency. Kali has a place of business at 1495 Silver Avenue, San Francisco, CA 94134.

6. Upon information and belief, CBS is a corporation duly organized and existing under the laws of the State of the New York, with a place of business at 51 West 52nd Street, New York, New York 10019. Upon information and belief, CBS is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, CBS has operated and continued to operate a terrestrial television station in New York City under the call letters WCBS-TV, a terrestrial television station in Minneapolis, Minnesota under the call letters WCCO-TV, and a terrestrial television station in Stockton, California under the call letters KOVR.

7. Upon information and belief, CBS Radio is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 1271 Avenue of the Americas, New York, NY 10020. Upon information and belief, CBS Radio is registered with the New York Department State, Division of Corporation to do business in the State of New York. At all times material hereto, CBS Radio has operated and continues to

operate the websites: http://minnesota.cbslocal.com/ ("Minnesota Website"), http://sacramento.cbslocal.com/ ("Sacramento Website"), http://morehits1037.cbslocal.com/ ("1037 Website"), http://965amp.cbslocal.com/ ("965 Website") (all together the "Websites").

8. Upon information and belief, CBS Interactive is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 28 East 28th Street, New York, New York 10016. Upon information and belief, CBS Interactive is registered with the New York Department State, Division of Corporation to do business in the State of New York. At all times material hereto, CBS Interactive has operated and continues to operate the website: www.CBSNews.com ("Interactive Website").

9. Upon information and belief, Microsoft is a corporation duly organized an existing under the laws of the State of Washington with its principal place of business at One Microsoft Way, Redmond, WA 98052. Upon information and belief, Microsoft is registered with the New York Department State, Division of Corporation to do business in the State of New York. At all times material hereto, Microsoft has operated and continues to operate the website: www.MSN.com. ("MSN Website").

**STATEMENT OF FACTS**

**A.   Background and Plaintiff's Ownership of the Video**

10. On or about May 16, 2016, Kali videotaped his partner giving birth and broadcasted it on his Facebook page (the "Video").

11. Kali is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

12. The Video was registered with United States Copyright Office and was given Copyright Registration Number PA 1-995-583.

**B.     Defendants Infringing Activities**

13.     <u>**CBS-**</u> Upon information and belief, during its evening telecast of CBS2 News in New York on or about May 17, 2016, CBS publically displayed the Video. Upon information and belief, CBS produced the telecast.

14.     Upon information and belief, during its morning telecast of CBS4 News Minneapolis on or about May 18, 2016, CBS publically displayed the Video. Upon information and belief, CBS produced the telecast.

15.     Upon information and belief, during its morning telecast of CBS13 News Sacramento on or about May 17, 2016, CBS publically displayed the Video. Upon information and belief CBS produced the telecast.

16.     CBS did not license the Video from Plaintiff to use on CBS2, CBS4, or CBS13 nor did CBS have Plaintiff's permission or consent to publish the Video on CBS2, CBS4, or CBS13.

17.     <u>**CBS Radio-**</u>  Upon information and belief, on or about May 18, 2016, CBS Radio ran an article on its Minnesota Website, entitled *Viewers Weigh In On Live Birth On Facebook.* See (http://minnesota.cbslocal.com/video/category/local-community/3401712-viewers-weigh-in-on-live-birth-on-facebook/). The article prominently featured the Video.

18.     Upon information and belief, on or about May 17, 2016, CBS Radio ran another article on its Sacramento Website, entitled *Carmichael Woman Give Birth Live on Facebook, Doesn't Know Till Later*. See http://sacramento.cbslocal.com/2016/05/17/carmichael-woman-gives-birth-live-on-facebook/). The article prominently featured the Video.

19.     Upon information and belief, on or about May 18, 2016, CBS Radio ran an article on its 1037 Website, entitled *VIDEO: Man Live Streams His Wife Giving Birth on Facebook!*

See http://morehits1037.cbslocal.com/2016/05/18/video-man-live-streams-his-wife-giving-birth-on-facebook/. The article prominently featured the Video.

20. Upon information and belief, on or about May 20, 2016, CBS Radio ran an article on its 965 Website entitled *Dad Didn't Mean To Broadcast The Birth Of His Child To The Entire Internet.* See http://965amp.cbslocal.com/2016/05/20/watch-dad-didnt-mean-to-broadcast-the-birth-of-his-child-to-the-entire-internet/. The article prominently featured the Video.

21. CBS Radio did not license the Video from Plaintiff for use in its articles, nor did CBS Radio have Plaintiff's permission or consent to publish the Video on its Websites. A copy of the screen shots of the Video on the Websites and a copy of the Video on the Websites on a CD is attached hereto as Exhibit A.

22. **CBS Interactive-** Upon information and belief, on or about May 18, 2016, CBS Interactive ran an article on its Interactive Website entitled *Dad live streams wife giving birth on Facebook- doesn't tell her.* See http://www.cbsnews.com/news/dad-live-streams-wife-giving-birth-on-facebook-doesnt-tell-her-until-after/. The article prominently featured the Video and a screen shot of the Video.

23. CBS Interactive did not license the Video from Plaintiff for use in its article, nor did CBS Interactive have Plaintiff's permission or consent to publish the Video on its Interactive Website. A copy of the screen shots of the Video on the Interactive Website and a copy of the Video on the Websites on a CD is attached hereto as Exhibit B.

24. **Microsoft-** Upon information and belief, on or about May 18, 2016, CBS placed the CBS4 Video on the MSN Website. See https://www.msn.com/en-us/news/us/viewers-weigh-in-on-live-birth-on-facebook/vp-BBtcosD. The article prominently featured the Video.

25. Microsoft did not license the Video from Plaintiff for use in its article, nor did Microsoft have Plaintiff's permission or consent to publish the Video on its MSN Website. A copy of the screen shots of the Video on the MSN Website and a copy of the Video on the Websites on a CD is attached hereto as Exhibit C.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)**
**(17 U.S.C. §§ 106, 501)**

26. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-25 above.

27. Defendants infringed Plaintiff's copyright in the Video by reproducing and publicly displaying the the Video. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Video.

28. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

29. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

30. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

31. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Video, pursuant to 17 U.S.C. § 504(c).

32. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

33. Defendants conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyright in the Video in violation of 17 U.S.C §§ 106 and 501;

2. That Defendants, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with Defendants, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Video, pursuant to 17 U.S.C. § 502.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant profits, gains or advantages of any kind attributable to Defendant infringement of Plaintiff's Video; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 22, 2016

                                              LIEBOWITZ LAW FIRM, PLLC

                                              By: /s/ Richard Liebowitz
                                                   Richard P. Liebowitz
                                            11 Sunrise Plaza, Suite 305
                                            Valley Stream, NY 11580
                                            Tel: (516) 233-1660
                                            RL@LiebowitzLawFirm.com

                                            *Attorneys for Plaintiff Kali Kanongataa*